UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Witherspoon, | Civil Action No. 6:17-1187-BHH |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Lt. Officer Whittington and Sgt. Parker | |
| Defendants. | |

Plaintiff, Willie Witherspoon ("Plaintiff" or "Witherspoon"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, alleging that Lt. Officer Whittington ("Whittington") and Sgt. Parker ("Parker") (collectively "Defendants"), who at the relevant time were both officers with the South Carolina Department of Corrections at Evans Correctional Institution ("ECI") failed to protect Witherspoon from an attack by his cellmate after having been notified of a credible threat the cellmate made to Witherspoon. The officers are sued in their individual capacity. This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 for the District of South Carolina.

## BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. Plaintiff alleges in his complaint (ECF No. 1) and in his statements of claims attached to his reply to Defendants' answer (ECF Nos. 31-1 & 31-2) that while he was in custody of the South Carolina Department of Corrections at Evans Correctional

1

Institution ("ECI"), he was severely attacked by his cellmate Darnell Hunter ("Hunter"). He further alleges that Hunter threatened to kill him, that he informed Defendants of the threat, and that Defendants failed to protect him and were deliberately indifferent to the threat by placing Hunter back in his cell, whereupon the attack occurred.

Defendants deny that they failed to protect Plaintiff, and both provide affidavits stating they were unaware that Hunter had threatened Plaintiff because Plaintiff never told them. (ECF Nos. 32-2 & 32-3.) Defendants state that Witherspoon and Hunter had been cellmates for a long time with no history of arguments or altercations. They further state that if Plaintiff informed them of the threat, which he never did, they would have allowed him to seek protective custody. (*Id.*)

On October 18, 2017, Defendants filed a motion for summary judgment (ECF No. 32), and on March 5, 2018, Plaintiff filed a response in opposition (ECF No. 58). After considering the motion and response, Magistrate Judge McDonald issued a Report (ECF No. 65) recommending that the motion for summary judgment be denied.

The Magistrate Judge based his recommendation on the existence of genuine issues of material fact as to whether Defendants were deliberately indifferent. As the Report explains:

> Viewing the evidence in a light most favorable to the plaintiff, as this court must do for purposes of this motion, both defendants were advised by the plaintiff that Hunter had threatened to kill him prior to Hunter being returned to the plaintiff's cell. The defendants' affidavit testimony to the contrary precludes summary judgment, as a genuine issue of material fact exists as to whether they were in fact deliberately indifferent to the plaintiff and the danger posed to him by Hunter. While the defendants in effect argue that the plaintiff's allegations are not credible given their own version of events, genuine issues of material fact must be resolved by the factfinder. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Med. Shoppe Int'l, Inc. v. Siddiqui*, 549 F. App'x 131,

134 (4th Cir. 2013) (quoting *Anderson*, 477 U.S. at 255). Accordingly, summary judgment should be denied.

(ECF No. 65 at 4-5.)

Defendants filed objections to the Report (ECF No. 67) on April 18, 2018. In their objections, Defendants argue that Plaintiff presents no evidence, beyond his own conclusory statements, that Defendants were deliberately indifferent or failed to protect him. (*Id.*)

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Summary Judgment**

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.1987). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## **DISCUSSION**

Because Defendants submitted specific objections to the Magistrate Judge's Report, this Court has conducted a thorough, *de novo* review of the record.[1]

Magistrate Judge McDonald notes in his Report that a genuine issue of material fact exists as to whether Defendants were in fact deliberately indifferent to Plaintiff and the danger posed to him by Hunter. (ECF No. 65 at 4.) Specifically, there is a material

---

[1] As always, the Court says only what is necessary to address Defendants' objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exists there.

4

factual dispute between Plaintiff's statement that he informed Defendants of Hunter's threats prior to the attack, and Defendants' statements that they had not been so informed. (*Compare* ECF Nos. 58 & 58-1 *with* ECF Nos. 32-2 & 32-3.)

In their objections, Defendants argue, "Plaintiff presents no evidence beyond his own self-serving conclusory statements, asserted only after the injury in his grievance, that he was ever threatened." (ECF No. 67 at 2.) They further assert, "Hunter was transferred for medical treatment. There was no opportunity for communication between him and Hunter, nor reason that they would see each other while Plaintiff remained in the Institution during Hunter's medical treatment." (*Id.*) As a result, Defendants claim, there is no genuine issue of material fact and they are entitled to judgment as a matter of law. (*Id.* at 4.)

The Court disagrees, and finds that the factual dispute identified by Magistrate Judge McDonald is both material and genuine. In short, Defendants assertions about Plaintiff's supposed failure to introduce evidence that he informed them of Hunter's threats prior to the attack amount to a simple disagreement about the central factual question in the case. Contrary to Defendants' arguments, Plaintiff's factual claims are no more "conclusory" or "speculative" than their own claims. Having reviewed the record, the Court agrees with the Magistrate Judge that summary judgment is inappropriate at this stage because Plaintiff has offered evidence from which a reasonable juror could return a verdict in his favor. *See Anderson*, 477 U.S. at 256 (stating that summary judgment is only appropriate where the nonmoving party has not offered such evidence).

## **CONCLUSION**

For the reasons set forth above, Defendants' objections are overruled, and the Magistrate Judge's Report is adopted and incorporated herein by reference. Defendants' motion for summary judgment (ECF No. 32) is denied.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 15, 2018
Greenville, South Carolina